[No. 4126. Decided December 20, 1902.]

C. J. LORD, *Appellant*, v. ELIZABETH T. HORR, *Appellant*.

REFORMATION OF DEED — LAND INCLUDED UNDER TWO CONTRACTS — MUTUAL MISTAKE — RESCISSION.

Plaintiff's assignor had purchased a strip of land twenty feet wide off the east side of the land of defendant under a contract of sale, which was assigned to plaintiff, who contracted with defendant for ten feet additional, and a deed was executed conveying a tract described by metes and bounds, which was 30 feet wide on the street and 16.8 feet wide at the rear end of the lot, instead of being a thirty foot strip of land, as the parties had contemplated. The mistake arose from the fact that the lot lines were supposed to run at right angles, while in fact the side lines paralleled one of the streets which was at an angle of 95° 56' with the other. There was no misunderstanding between the parties as to the twenty-foot strip, but the conveyance of an additional ten-foot strip off the east side would have included a portion of defendant's buildings and fruit and ornamental trees, which was not within the contemplation of either of the parties. Plaintiff brought an action to enforce the deed, so as to make it include a thirty-foot strip, and defendant asked for rescission of the whole contract.

*Held*, that plaintiff was entitled to reformation of the deed so as to properly describe and include the twenty-foot strip covered by the first contract, and defendant was entitled to a rescission of the second contract on the ground of mutual mistake.

SAME — RIGHT TO RELIEF.

The fact that a party asks for rescission as to two tracts of land sold under separate contracts, but included in the deed as an

entirety, would not deprive her of the right to rescind as to that portion of the contract for which she was entitled to relief.

SAME — TENDER — OBJECTIONS NOT URGED BELOW.

Failure to tender purchase money when asking for rescission of a deed upon which it was paid would not preclude the defendant from relief, when issue was taken upon her answer without objection because of such failure, and she had not been placed in default during trial for failure to bring the money into court.

SAME — PLEADING — INCONSISTENT DEFENSES.

In an action for a reformation of a deed, an answer setting up that the deed expressed the contract of the parties, but that, if it did not, there was such a mutual mistake as would authorize a rescission, does not fall within the rule forbidding inconsistent defenses.

Appeal from Superior Court, Thurston County.—Hon. MASON IRWIN, Judge. Judgment modified.

*George C. Israel* and *Frank C. Owings*, for plaintiff.

*J. W. Robinson*, for defendant.

The opinion of the court was delivered by

FULLERTON, J.—This action was instituted to reform a deed. The undisputed facts shown by the record are substantially these: The land involved is situated in the north half of block 82 in the city of Olympia. This block is in form a parallelogram, but is not a rectangle, the streets bounding it upon its north and west sides—Union and Main—forming an angle at their junction of 95° 56'. Prior to the occurrences out of which this controversy arises, the defendant owned all of that part of the north half of the block which lies west of a line run parallel with Main street and 120 feet distant therefrom; the tract being 127 feet in length by 120 feet in width. The plaintiff owned a tract lying immediately east of the defendant's land, and abutting thereon; his lot being of the same length as the defendant's north and south, and 60 feet in width.

Early in the year 1900 the plaintiff sold his land to one
S. G. Simpson, who placed one Mark E. Reed in posses-
sion. Thereafter and on July 17, 1900, the defendant
and Mr. Reed entered into a contract by which the defend-
ant agreed to sell to Mr. Reed a tract 20 feet wide off the
east side of her lot for the agreed price of three hundred
dollars. A deed was not executed at that time, because
of some unsettled street grade taxes which the parties de-
sired to have adjusted. The contract was reduced to writ-
ing, and one hundred dollars of the purchase price paid.
In this contract the land agreed to be conveyed was incon-
sistently described. That portion of the description pur-
porting to give its metes and bounds described a tract 20
feet wide on the Union street end, and some 6.8 feet wide
on the other, while the general part of the description de-
scribed it as being the east twenty feet of the land pur-
chased by the defendant, as described in a certain recorded
deed, which would mean a parallelogram twenty feet in
width and one hundred and twenty-seven feet in length.
As to which of these descriptions is correct, however, there
is no dispute in the evidence. Both Mr. Reed and the de-
fendant testify that the description by metes and bounds
is erroneous. Before this transaction was completed or
the deed executed, the plaintiff repurchased his lot from
Mr. Simpson, and at the same time purchased the interests
of Mr. Reed in the contract made by him with the defend-
ant. Shortly after the plaintiff repurchased the lot, the
defendant called him up by telephone, and asked him if
he would take ten feet more of her lot, making thirty feet
in all, at the rate named in the contract with Mr. Reed.
To this the plaintiff consented, and thereupon drew a deed
attempting to describe both tracts, which the defendant
afterwards executed; the plaintiff at the same time paying
her the balance due upon the purchase price of the first

tract, and the whole of the purchase price of the second. In this deed the land was described as follows:

"Commencing at the north west corner of the land owned by C. J. Lord, in block eighty-two (82), original plat of the town now city of Olympia; thence along the line of Union street thirty (30) feet, to a point; thence at right angles south one hundred twenty-seven (127) feet more or less to the line of A. A. Phillips' property, being equi-distant from Union street and Eleventh street; thence at right angles east along the line of said A. A. Phillips' property, thirty (30) feet more or less, to the south-west corner of the land owned by C. J. Lord in said block eighty-two (82); thence at right angles north along the line of the property owned by said C. J. Lord, one hundred twenty-seven (127) feet, more or less, to the place of beginning."

Owing to the fact that the lines dividing the block were not run at right angles to Union street, but parallel to Main street, this description did not include a strip thirty feet wide off the east side of the defendant's lot, but described a tract thirty feet wide on Union street and 16.8 feet wide on the opposite end. When attempt was made to mark the line on the ground, the discrepancy was discovered. It was also discovered that to run the line parallel with Main street would include in the land conveyed a part of the defendant's improvements, namely, some portion of the woodshed erected on the premises and some fruit and ornamental trees. Attempt was made by the parties to adjust the matter between themselves, but, failing to reach an agreement, this action was begun.

On the disputed questions the court found there was a mutual mistake of the parties. It found that the defendant intended to sell, and the plaintiff intended to purchase, a tract of land thirty feet in width off the east side of the defendant's lot, bounded on the west side by a line run par-

allel with Main street. On the other hand, he found that
it was not intended by either party that the tract so agreed
to be sold and purchased should include any part of the
defendant's improvements; finding further that the mis-
take arose from the fact that both parties believed that the
north and south lines of the lot were run at right angles
to Union street, when in fact they were not so run. Upon
these findings the court entered decree awarding to the
plaintiff the land included in the deed, and directed that
the defendant repay to him such proportion of the pur-
chase price as the land not included in the deed bore to the
part included therein. From the decree, both parties have
appealed.

An examination of the evidence convinces us that the
court's findings are, in the main, correct. The court
seems, however, to have overlooked the fact that there were
two separate contracts,—one made between the defendant
and Mr. Reed, in which the plaintiff acquired his interests
by assignment from Mr. Reed, and the other made direct-
ly between the plaintiff and the defendant. As to the first
of these there is no dispute. The defendant herself testi-
fies that she agreed thereby to convey to Mr. Reed twenty
feet off the east side of her land. This can have but one
meaning. It means a tract cut off by a line run parallel
with the east end of the land, and twenty feet distant there-
from. As the plaintiff succeeded to the rights of Mr. Reed
in the contract, he was entitled, on the payment of the bal-
ance of the purchase price, to a conveyance of the whole
thereof.

As to the second contract, we agree with the trial court
that there was a mutual mistake. While the parties un-
questionably understood that the tract agreed to be con-
veyed was to be ten feet in width its entire length, yet
neither of them knew that it would trench upon or include

31-30 WASH.

any of the respondent's improvements. In fact, such a thing was not in contemplation of, nor intended by, either of them. There was as to this tract, therefore, such a mutual mistake as will authorize the defendant to rescind as to it. But it is said that neither under the pleadings nor evidence is she entitled to this form of relief. While her answer may not be technically accurate, enough is pleaded therein to show a mutual mistake, and she prays to be permitted to rescind and return the purchase money as to both tracts. As we have shown, she was not entitled to this relief in its entirety, but she is not to be denied the relief to which she is plainly entitled merely because she has asked for too much. The rule is not so onerous. A litigant is entitled to any part of the relief prayed for, falling within the allegations of his pleadings, which is separable from the whole, and which the evidence justifies the court in granting. True, she did not bring the money into court. But issue was taken upon her answer without objection because of her failure so to do, and at no time during the course of the trial was she required to produce the money; much less was she placed in default for not doing so. Advantage of such an omission must be taken in some form in the trial court. Again, it is said that she tried her case upon a different theory,—the theory that the deed, as written, expressed the contract between the parties,—and that there is nothing in the evidence which would justify a rescission. As we understand the record, however, she relied upon both defenses, namely, that the deed expressed the contract, and, if it did not, that there was such a mutual mistake as would authorize her to rescind. Under the Code, she was entitled to set up as many defenses as she had. Bal. Code, § 4913a. It is true, this court has placed an exception on the rule, in so far as it has required that the several defenses be consistent, but,

without stopping to point out the differences, it is plain these defenses do not fall within the exception. On the main question, that there was a mutual mistake, the evidence, as we say, is unmistakable.

From these considerations, it is evident that the decree of the trial court is erroneous. It not only does not give to the plaintiff all of the land to which he is entitled, but it makes a new contract for the parties. The plaintiff was entitled to a decree directing a conveyance of the land described in the first contract, as interpreted by the parties making it, and the defendant was entitled to a rescission of the second. She cannot, however, keep both the land and the purchase money. The order of this court, therefore, is that the decree appealed from be reversed; that the cause be remanded, with instructions to direct a conveyance of the first tract mentioned; that the defendant be allowed to rescind as to the second tract, provided she will pay into the lower court, within sixty days from the time the remittitur reaches that court, the purchase price paid her for the same, namely, one hundred and fifty dollars, together with legal interest thereon from the date of the deed in dispute to the time payment is made; and failing so to do, a decree will go against her, directing a conveyance of that tract, also, to the plaintiff. Neither party will recover costs.

REAVIS, C. J., and DUNBAR, MOUNT and ANDERS, JJ., concur.